RUSSELL STOVER CANDIES,
INC., Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 76–1330.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1977.

Decided March 14, 1977.

---

Alvin D. Shapiro, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., Sheryl B. Etling, Kansas City, Mo., for petitioner.

Corinna L. Metcalf, Atty., N.L.R.B., Washington, D. C., Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D. C., for respondent; John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Allison W. Brown, Jr., Atty., N.L.R.B., Washington, D. C., on brief.

Before HEANEY and STEPHENSON, Circuit Judges, and STUART,* District Judge.

STEPHENSON, Circuit Judge.

Russell Stover Candies, Inc. has petitioned this court for review of the National Labor Relations Board's decision and order, and the Board has cross-petitioned for enforcement of its decision and order. The Board found [1] that Russell Stover Candies, Inc. violated section 8(a)(1) of the National Labor Relations Act, as amended (29 U.S.C. § 151 et seq.), by instructing Supervisor Johnson to observe and report the union activities of the employees under his supervision; by admonishing Johnson to eat lunch and take breaks with the employees under his supervision and be attentive to their comments regarding the union; by repeatedly questioning Johnson about what he had observed and learned concerning employee union activities; by instructing Johnson to keep a particular pro-union employee out of the warehouse; by setting in motion a chain of events which motivated Johnson to verbally inform employees that he was engaging in surveillance of their union activities; and by terminating Johnson because he refused to continue his unlawful surveillance of employee activities.

The Board's order requires the Company to cease and desist from the unfair labor practices found and from in any other manner interfering with, restraining or coercing employees in the exercise of their section 7 rights. Affirmatively, the Board ordered the Company to offer full and immediate reinstatement to Supervisor Johnson [2] and to make him whole for any loss of earnings incurred, and to post the appropriate notices.

We are convinced, after examining the record, that the Board's decision and order, based upon the findings of the administrative law judge, are sustained by substantial evidence on the record considered as a whole. Accordingly, we will not recount at length the evidence on this review.

The principal issue to be decided on this appeal is whether or not the Company violated section 8(a)(1) of the Act by discharging Supervisor Johnson because he refused to continue Company-ordered surveillance of union activities. Other circuits have recognized that a violation of section 8(a)(1) occurs if an employer discharges a supervisor because he refused to engage in unfair labor practices. *NLRB v. I. D. Lowe*, 406 F.2d 1033, 1034–35 (6th Cir. 1969). Such a discharge interferes with nonsupervisory employees' protected self-organizational rights by demonstrating to the employees the extreme measures to which the employer will resort in order to thwart the unionization efforts. *NLRB v. Brookside Industries, Inc.*, 308 F.2d 224, 228 (4th Cir. 1962); *NLRB v. Talladega Cotton Factory, Inc.*, 213 F.2d 209, 217 (5th Cir. 1954). It is beyond dispute that Johnson is not directly entitled to protection which the Act extends to employees, since he was a supervisor within the meaning of section 2(11) of the Act. However, if the discharge of the supervisor violates section 8(a)(1) of the Act, that supervisor may be entitled to reinstatement. The supervisor is not protected in his own right—his basis for relief is that his discharge had a tendency to interfere with, restrain or coerce the protected employees in the exercise of their section 7 rights. The discharge has "the

---

* The Honorable William C. Stuart, United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Board affirmed the rulings, findings and conclusions of the administrative law judge.

2. The Board ordered reinstatement "to his former job or, if such job no longer exists, to a substantially equivalent position."

effect of interfering with and restraining the unionists in their membership by frightening them with reproof of a supervisor for not reporting on union activity." *NLRB v. Brookside Industries, Inc., supra,* 308 F.2d at 228.

In order for the discharge to constitute a violation of section 8(a)(1), the conduct in which Johnson refused to engage must have constituted an unfair labor practice. Discharging a supervisor who refuses to follow his employer's lawful instructions regarding union organization attempts does not constitute a violation of section 8(a)(1), so the supervisor is not entitled to reinstatement. *NLRB v. North Arkansas Electric Coop., Inc.,* 446 F.2d 602, 610 (8th Cir. 1971). Here there is substantial evidence in the record, considered as a whole, to support the finding that the type of surveillance conducted by Johnson (and which he later refused to continue) was an unfair labor practice under section 8(a)(1). Johnson's surveillance was more than merely being attentive to employees' comments regarding the union. The Company instructed Johnson to engage in systematic surveillance of employee union activities, questioned him concerning the information he had gathered, and encouraged him to continue his surveillance even during non-work time. Johnson conducted his transparent surveillance with management's knowledge, either actual or chargeable, that his activities were poorly disguised. Eventually, management was informed that the employees knew about Johnson's surveillance. Under these circumstances, management's failure to countermand its instructions to Johnson was indicative of its indifference to employee suspicions. The Company must, therefore, be held accountable for the tendency to interfere with the employees' self-organization rights which resulted from their knowledge of Company surveillance activities. Thus the activities which Johnson refused to continue constituted unfair labor practices under section 8(a)(1) of the Act. *NLRB v. Hawthorn Co.,* 404 F.2d 1205, 1208–09 (8th Cir. 1969).

A further prerequisite to finding that the supervisor's discharge was unlawful is that the reason for such discharge was his refusal to continue the unfair labor practice. Arguably, there is sufficient evidence in the record which might, under ordinary circumstances, justify Johnson's firing based on poor work performance. However, the circumstances indicate that his poor performance as a supervisor was not the moving cause of his ultimate firing. On the day before he was discharged, Johnson was notified that he was being given two weeks to improve his work performance, at the end of which period his progress would be evaluated. The only interim event which could reasonably have precipitated his immediate discharge was that Johnson notified management that he was no longer going to be an informer. Unconvincing is the Company's contention that Johnson exhibited insubordination of a type which would justify his immediate discharge. Therefore we find that there is substantial evidence in the record considered as a whole to support the Board's finding that the reason for firing Johnson was his refusal to continue the unlawful surveillance. Compare *NLRB v. Miami Coca Cola Bottling Co.,* 341 F.2d 524, 526 (5th Cir. 1965), which is distinguishable from the instant case in that respect.

The Company contends that a showing of *actual* interference, restraint or coercion is required before the Board can conclude that a section 8(a)(1) violation resulted from the discharge of a supervisor for refusing to conduct unfair labor practices. But the illegality of an employer's conduct under section 8(a)(1) does not depend upon evidence that the employees were *in fact* coerced in the exercise of their section 7 rights. "Where the conduct was coercive, as found here, it is not necessary to show that the coercive conduct had its desired or intended effect. The remedy furnished by the Act is available whether coercion succeeds or fails." *Elastic Stop Nut Corp. v. NLRB,* 142 F.2d 371, 377 (8th Cir.), *cert. denied,* 323 U.S 722, 65 S.Ct. 55, 89 L.Ed. 580 (1944). Although that principle has previously been articulated only in cases where the unfair labor practice consisted of

management's direct coercive remarks to protected employees, we believe its application in the "supervisor discharge" cases effectuates the purpose and policy of the Act. *Inter alia,* the Act is intended to protect employee self-organization from disruptive interferences by employers. *American Ship Building Co. v. NLRB,* 380 U.S. 300, 317, 85 S.Ct. 955, 13 L.Ed.2d 855 (1965). Clearly an employer's conduct can be disruptive of its employees' free exercise of their organization rights even though the employees are not in fact coerced.

Therefore, the test of interference, restraint or coercion under section 8(a)(1) does not depend upon whether coercion succeeded or failed. The test is whether the employer engaged in conduct which reasonably tends to interfere with, restrain, or coerce employees in the free exercise of their rights under section 7. *NLRB v. Illinois Tool Works,* 153 F.2d 811, 814 (7th Cir. 1946).

Where, as here, there is substantial evidence in the record, considered as a whole, that the Company's conduct reasonably tended to interfere with, restrain, or coerce employees in the free exercise of their rights under section 7, that conduct violates section 8(a)(1). There is substantial evidence of those disruptive tendencies here because the employees *knew* that Johnson was fired for refusing to continue his surveillance because Johnson himself told them so. From that they could reasonably infer that the Company would go to great lengths to thwart unionization in that plant. It is immaterial *how* the employees discovered the reason for Johnson's discharge— the important point is that they did have that knowledge. It is not necessary that management itself inform the employees of the reason for Johnson's discharge because the ultimate effect upon the employees is the same.

We conclude that the Company violated section 8(a)(1) of the Act by discharging Supervisor Johnson because he refused to *continue to engage in unfair labor practices,* since that discharge reasonably tended to interfere with, restrain, or coerce employees in the free exercise of their organization rights.

The Board's order is hereby enforced.

STUART, District Judge, concurring.

I concur in the result. The opinion can be read as holding certain specified activities as unfair labor practices which in my opinion should not be so classified. However, there is substantial evidence in the record to support findings that the company ordered Johnson to eat his lunch with the employees for the purpose of surveillance and instructed him to keep a certain pro-union employee out of the warehouse. In my opinion these actions constituted unfair labor practices under section 8(a)(1) of the Act.