AUTOMOBILE SALESMEN'S UNION LOCAL 1095, UNITED FOOD AND COMMERCIAL WORKERS UNION, AFL–CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 82–2264.

United States Court of Appeals, District of Columbia Circuit.

Argued May 19, 1983.

Decided June 30, 1983.

---

David A. Rosenfeld, San Francisco, Cal., with whom George R. Murphy, Washington, D.C., was on the brief, for petitioner.

Lawrence Jacob Song, Atty., N.L.R.B., Washington, D.C., with whom Elliott Moore, Deputy Associate Gen. Counsel, and John G. Elligers, Atty., N.L.R.B., Washington, D.C., were on the brief, for respondent.

Before WALD and MIKVA, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge MIKVA.

MIKVA, Circuit Judge:

Petitioner Automobile Salesmen's Union Local 1095 (Union) seeks review of a final order of the National Labor Relations Board (NLRB or Board) holding that the discharge of crew chief Terry Doss did not violate section 8(a)(1) of the National Labor Relations Act (Act), 29 U.S.C. § 158(a)(1) (1976). At issue is the Board's decision to overturn fifteen years of precedent to the effect that the discharge of a supervisor as part of "a pattern of conduct aimed at coercing employees in the exercise of their section 7 rights," *DRW Corporation,* 248 N.L.R.B. 828, 829 (1980), violates the Act. Petitioner argues that the "pattern of conduct" line of cases properly implements the Act's prohibition of unfair labor practices by employers against employees. The Board responds that it is necessary to overturn that line of cases to implement the Act's specific exclusion of supervisors from protection. Given that Congress has not indicated which interpretation it intended, that the courts have allowed the Board broad discretion in applying the general provisions of the Act to specific situations, that the Board's application of those provisions to this case is a reasonable exercise of that discretion, and that the Board has adequately explained its reasons for reversing its policy, we deny the petition for review.

## FACTS

In April 1980, a number of employees of Parker-Robb Chevrolet (Parker-Robb) attended an organizational meeting conducted by the Union. Six of those employees were subsequently fired, all allegedly for economic reasons. Terry Doss, a supervisor at Parker-Robb and crew chief for some of the discharged employees, had been present at the meeting and later complained to both the used-car and new-car sales managers that the dealership was losing some of its best employees. Both managers told Doss that Parker-Robb had to cut back, but he persisted in demanding an explanation. Accordingly, he was told that Parker-Robb was letting him go as well, also for economic reasons.

The administrative law judge (ALJ) concluded that Parker-Robb violated sections 8(a)(1) and 8(a)(3) of the Act, 29 U.S.C. §§ 158(a)(1), (a)(3) (1976), by firing the six employees and ordered their reinstatement. He also issued a bargaining order to remedy the unfair labor practices. With respect to Doss' discharge, the ALJ found that the discharge was part of an overall plan to discourage the rank-and-file employees from exercising their rights, and that, notwithstanding the exclusion of supervisors from the Act's protection, such conduct, on the basis of well-established precedent, violated section 8(a)(1) of the Act.

On review, the NLRB affirmed the ALJ's findings with respect to the discharged employees. *Parker-Robb Chevrolet, Inc.,* 262 N.L.R.B. No. 58 (June 23, 1982), *reprinted in* Joint Appendix (JA) at 37–61. The Board also acknowledged, with one dissent, that Doss' discharge was part of a "pattern of conduct aimed at coercing employees in the exercise of their section 7 rights," and that based on fifteen years of precedent such conduct would violate section 8(a)(1). After reviewing those cases, however, the Board held that they had been incorrectly decided. It therefore overruled those prior cases and established a new rule in their place: the discharge of a supervisor is unlawful under the Act only if it directly interferes with the section 7 rights of an employee. The Board further found that Doss' discharge did not directly interfere with those rights and was, therefore, lawful. This petition for review followed.

## DISCUSSION

The issue for this court is whether the decision of the Board to replace the "pattern of conduct" line of cases with the new rule is consistent with the statute. Before addressing this issue, however, it is proper to note that the standard of review in this case is quite narrow. The Board's construction of the Act must be enforced if it is reasonably defensible, even if the court might prefer a different interpretation. *NLRB v. Transportation Management Corp.,* —— U.S. ——, ——, 103 S.Ct. 2469,

2474, 76 L.Ed.2d 667 (1983); *Ford Motor Co. v. NLRB,* 441 U.S. 488, 497, 99 S.Ct. 1842, 1849, 60 L.Ed.2d 420 (1979). Only if the Board's construction has no "reasonable basis in law," *Allied Chemical & Alkali Workers v. Pittsburgh Plate Glass Co.,* 404 U.S. 157, 166, 92 S.Ct. 383, 391, 30 L.Ed.2d 341 (1971), is "fundamentally inconsistent with the structure of the Act,". *American Ship Building Co. v. NLRB,* 380 U.S. 300, 318, 85 S.Ct. 955, 967, 13 L.Ed.2d 855 (1965), or moves "into a new area of regulation which Congress had not committed to it," *NLRB v. Insurance Agents,* 361 U.S. 477, 499, 80 S.Ct. 419, 432, 4 L.Ed.2d 454 (1960), should the Board be reversed. Because its construction in this case is not vulnerable on any of these grounds, we must affirm the Board.

■ Under the Act, supervisors are explicitly excluded from the definition of "employee." 29 U.S.C. § 152(3) (1976). As the Supreme Court has recognized, this fact entitles an employer to insist on the loyalty of his supervisors and means that a supervisor is not free to engage in activity which, if engaged in by a rank-and-file employee, would be protected. *Florida Power & Light v. Electrical Workers,* 417 U.S. 790, 806–09, 94 S.Ct. 2737, 2745–47, 41 L.Ed.2d 477 (1974). There are three basic exceptions to this rule, however, in which an employer's conduct towards a supervisor has been found to violate section 8(a)(1) of the Act: 1) where a supervisor is disciplined for testifying before the Board or during the processing of an employee's grievance, *King Radio Corp. v. NLRB,* 398 F.2d 14, 21–22 (10th Cir.1968); *Oil City Brass Works v. NLRB,* 357 F.2d 466, 470–71 (5th Cir.1966); 2) where a supervisor is disciplined for refusing to commit an unfair labor practice, *Gerry's Cash Markets, Inc. v. NLRB,* 602 F.2d 1021, 1022–23 (1st Cir.1979); *Russell Stover Candies, Inc. v. NLRB,* 551 F.2d 204, 206–08 (8th Cir.1977); and 3) where a supervisor who hired his own crew was discharged as a pretext for terminating his pro-union crew, *NLRB v. Downslope Industries, Inc.,* 676 F.2d 1114, 1119–20 (6th Cir. 1982); *Pioneer Drilling Co., Inc. v. NLRB,* 391 F.2d 961, 962–63 (10th Cir.1968).

There is no question but that reinstatement was the appropriate remedy in each of these cases for the harm done to the rank-and-file employees. The problem for the Board has been to draw the proper line between protecting the employer's right to demand loyalty from his supervisors and protecting the employee's right to be free from unlawful labor practices funnelled through a supervisor by the employer. Prior to its decision in this case, the Board drew a line which in effect eliminated the employer's right. Beginning with *Pioneer Drilling Co., Inc.,* 162 N.L.R.B. 918 (1967), *enf'd in relevant part,* 391 F.2d 961, 962–63 (10th Cir.1968), the Board developed the "pattern of conduct" or "integral part" standard, holding that an employer's conduct towards a supervisor which was an "integral part" of a plan or part of a "pattern of conduct" designed to interfere with an employee's section 7 rights violated section 8(a)(1). *See, e.g., Sheraton Puerto Rico Corp.,* 248 N.L.R.B. 867, 874 (1980), *enforcement denied,* 651 F.2d 49 (1st Cir.1981); *DRW Corporation,* 248 N.L.R.B. 828, 828–29 (1980); *Production Stamping, Inc.,* 239 N.L.R.B. 1183, 1193 (1979); *Donelson Packing Co., Inc.,* 220 N.L.R.B. 1043, 1051 (1975); *Fairview Nursing Home,* 202 N.L.R.B. 318, 318 n. 2, *enf'd,* 486 F.2d 1400 (5th Cir.1973). The rationale behind these cases was that such discipline of a supervisor instilled fear in rank-and-file employees that their own protected union activities would subject them to a similar fate. *See Russell Stover Candies, Inc. v. NLRB,* 551 F.2d 204, 206–07 (8th Cir.1977).

These "pattern of conduct" cases met with criticism in the reviewing courts largely because they accorded too little weight to the employer's right to demand loyalty from his supervisors. *NLRB v. Nevis Industries, Inc.,* 647 F.2d 905, 911 (9th Cir. 1981); *Gerry's Cash Markets, Inc. v. NLRB,* 602 F.2d 1021, 1022–23 (1st Cir.1979); *accord Oil City Brass Works v. NLRB,* 357 F.2d 466, 470 (5th Cir.1966). The reasoning applied by the Fifth Circuit was representative:

Any time an employee, be he supervisor or not, is fired for union activity rank-and-file employees are likely to fear retribution if they emulate his example. But the Act does not protect supervisors, it protects rank-and-file employees in their exercise of rights. If the fear instilled in rank-and-file employees were used in order to erect a violation of the Act, then any time a supervisor was discharged for doing an act that a rank-and-file employee may do with impunity the Board could require reinstatement. Carried to its ultimate conclusion, such a principle would result in supervisory employees being brought under the protective cover of the Act.

*Oil City Brass Works,* 357 F.2d at 470.

It is in this light that the Board undertook its review of the cases involving the discharge of a supervisor. It had no problem concluding that the cases in which an employee's section 7 rights had been directly interfered with, such as a supervisor's discharge for testifying at an NLRB proceeding, for testifying during the processing of an employee's grievance, or for refusing to commit an unfair labor practice, involved violations of section 8(a)(1) and were correctly decided. JA 40–41. In reviewing the "pattern of conduct" cases, however, the Board found that they had produced inconsistent decisions that were not reconcilable with the statute. It held that the factual situation in *Pioneer Drilling,* which involved the discharge of a supervisor who hired his own crew as a pretext for terminating the pro-union crew,

> [had] been unduly extended to apply the Act's protection to supervisors who merely join with rank-and-file employee protected activity and who are then subjected to the same discharge or other disciplinary treatment unlawfully meted out to those employees. No matter how appealing from an equitable standpoint, the "integral part" or "pattern of conduct" line of cases disregards the fact that *employees,* but not *supervisors,* are protected against discharge for engaging in union or concerted activity.

JA 43. Consequently, it overruled the line of cases and limited *Pioneer Drilling* to its facts. JA 46.

The Board next examined the suggestion it had made in previous cases: that the existence of a section 8(a)(1) violation turns on the employer's motivation. *See Sheraton Puerto Rico Corp.,* 248 N.L.R.B. 867 (1980), *enforcement denied,* 651 F.2d 49 (1st Cir.1981); *Stop and Go Foods, Inc.,* 246 N.L.R.B. 1076 (1979); *Nevis Industries, Inc.,* 246 N.L.R.B. 1053 (1979), *enforcement denied in relevant part,* 647 F.2d 905 (9th Cir.1981); *Downslope Industries, Inc.,* 246 N.L.R.B. 948 (1979), *enf'd,* 676 F.2d 1114 (6th Cir.1982). The Board acknowledged that the discharge of a supervisor for union or concerted activity is always going to have a secondary or incidental effect on employees, but stated that

> when a supervisor is discharged either because he or she engaged in union or concerted activity or because the discharge is contemporaneous with the unlawful discharge of statutory employees, or both, this incidental or secondary effect on the employees is insufficient to warrant an exception to the general statutory provision excluding supervisors from the protection of the Act.

JA 45. Having said this, the Board concluded that an employer's motivation in discharging a supervisor was irrelevant because it would not change the character of otherwise lawful conduct. *Id.*

At the end of its review, the Board was left with the proposition that the discharge of a supervisor is unlawful only if it directly interferes with the section 7 rights of the statutorily protected employees. It applied this test to Parker-Robb's discharge of crew chief Doss and found that the section 7 rights of the employees had not been interfered with and that reinstatement was unnecessary. Thus the Board has drawn a new line between the employee's and employer's rights that attempts to accommodate both. The Board's construction takes into account the fact that a supervisor is not protected if he engages in union or concerted activity and that an employer

may not commit unfair labor practices regardless of whether they are funnelled through a supervisor. The Board has drawn this new line openly and has explained in full detail why it is changing course. The Board's construction is consistent with the structure of the Act, has a reasonable basis in law, and is certainly defensible. Moreover, because there is no evidence that Doss was discharged for protesting Parker-Robb's commission of an unfair labor practice against the six employees, the Board's application of its new rule in this case is a reasonable exercise of its discretion.

For the foregoing reasons, the petition for review of the NLRB's decision is

*Denied.*