NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL 16; Sheet Metal Workers' International Association, AFL–CIO, Respondents.

No. 86–7538.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 1989.

Decided April 25, 1989.

Donald W. Fisher, of Toledo, Ohio, for respondent Sheet Metal Workers' Intern. Ass'n, AFL–CIO. Donald S. Richardson, Richardson & Murphy, of Portland, Oregon, for respondent Sheet Metal Workers' Intern. Ass'n, Local 16.

Susan L. William, Elaine Patrick, and Laurence Zakson, of Washington D.C., for petitioner N.L.R.B.

Before SKOPIL, PREGERSON and NOONAN, Circuit Judges.

SKOPIL, Circuit Judge:

The National Labor Relation Board ("Board") petitions for enforcement of its order declaring that a provision in a union constitution violates section 8(b)(1)(A) of the National Labor Relations Act (the "Act"), 29 U.S.C. § 158(b)(1)(A) (1982). The provision at issue, found in the Sheet Metal Workers' International and Local 16 union constitution, provides in part that:

No resignation shall be accepted if offered in anticipation of charges being preferred against [the union member], during the pendancy (sic) of any such charges or during a strike or lockout.

An administrative law judge held that the "mere maintenance of these resignation restrictions in the governing documents of the International and Local 16 coerces and restrains employee-members from exercising their Section 7 rights" in violation of section 8(b)(1)(A). 274 N.L.R.B. 41, 43 (1985). The Board ordered the union to cease and desist its unfair labor practices by expunging the resignation restrictions from its constitution. *Id.* at 44. We enforce the Board's order.

DISCUSSION

Section 7 of the Act grants employees "the right to refrain from any or all [concerted] ... activities...." 29 U.S.C. § 157 (1982). This general right is implemented by section 8(b)(1)(A) which provides that unions commit unfair labor practices if they "restrain or coerce employees in the exercise" of their section 7 rights. 29 U.S. C. § 158(b)(1)(A). The union here does not challenge the Board's determination that the restriction on resignations during a

strike or lockout is an unfair labor practice in violation of section 8(b)(1)(A). *See Pattern Makers' League v. NLRB*, 473 U.S. 95, 100, 105 S.Ct. 3064, 3067, 87 L.Ed.2d 68 (1985) (striking down fines imposed on employees who tendered resignations which were ineffective under a union constitution); *Machinists Local 1327, Int'l Ass'n of Machinists & Aerospace Workers v. NLRB*, 773 F.2d 1070, 1071 (9th Cir.1985) (striking down fines imposed by a union against members who sought to resign their membership and return to work during a strike). The union's failure to contest this holding constitutes a waiver of further argument, and the Board is therefore entitled to summary enforcement of this uncontested portion of its order. *NLRB v. Nevis Indus., Inc.*, 647 F.2d 905, 908 (9th Cir.1981) (failure to object constitutes waiver).

The union does contest, however, the Board's conclusion that the prohibition on resignations in anticipation of or during the pendency of union charges violates sections 7 and 8(b)(1)(A). The union contends that *Pattern Makers'* should be narrowly construed to bar only resignation restrictions during a strike or lockout—not in the context of union charges against a member. The union also asserts that, as a matter of policy, the Board is improperly intruding upon the union's relationship with its members by enforcing the rule that "any ... restriction a union may impose on resignation" violates the Act. *See International Ass'n of Machinists & Aerospace Workers, Local 1414 (Neufeld Posche–Audi)*, 270 N.L.R.B. 1330, 1331 (1984). Finally, the union claims that the Board's interpretation of the Act is inconsistent with legislative history.

We have not previously reviewed resignation restrictions in the context of pending charges against a union member. The Seventh Circuit, however, has squarely addressed the issue presented in this case. In *NLRB v. Local 73, Sheet Metal Workers' Int'l Ass'n*, 840 F.2d 501 (7th Cir.1988), the same constitutional provision at issue here was held to violate the Act. In addressing the identical union arguments, the Seventh Circuit acknowledged "room for

debate about the precise scope and effect of the *Pattern Makers'* holding," but nonetheless could not "accept the ... implication that *Pattern Makers'* is irrelevant to the instant case, or that the reasoning of the Court bears no resemblance to that of the Board in *Neufeld.*" *Id.* at 505.

Regarding the union's policy arguments, the court stated:

No doubt the Unions have a significant and legitimate interest in holding their members accountable for their membership obligations. However, following the lead of *Pattern Makers'* and acknowledging the deference due the Board's construction of the Act, we must accept the NLRB's conclusion that the Unions' rule barring the resignations of members who resign in anticipation, or during the pendency, of charges of union misconduct restrains and coerces such members in the exercise of their section 7 rights.

*Id.* at 506–07. The court further noted that "unions are not stripped of their power to discipline members" because the NLRB has upheld "union efforts to discipline former members for their preresignation misconduct." *Id.* at 507 (citing *Newspaper Guild of New York, Local 31 (New York Times)*, 272 N.L.R.B. 338 (1984)).

Finally, the court agreed with *Pattern Makers'* that the relevant legislative history was ambiguous. *Id.* at 508. The court reasoned that the "inconclusive historical evidence ... fall[s] short of showing that the NLRB's interpretation of the Act is unreasonable." *Id.*

■ The Seventh Circuit enforced the Board's order requiring the union to expunge the provision from the union's constitution. *Id.* Since *Local 73*, the Sixth Circuit has also enforced the Board's order striking down similar union resignation restrictions. *See International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, Local 449 v. NLRB*, 865 F.2d 791, 793 (6th Cir.1989). We see no reason to depart from these decisions. We agree with the Sixth and Seventh Circuits' reasoning and thus hold that the union's resignation re-

strictions at issue here violate section 8(b)(1)(A). Accordingly, we will enforce the Board's order.

ENFORCED.