THURMAN VENABLE, Plaintiff-Appellant v. GKN AUTOMOTIVE, Defendant-Appellee

No. 9111SC719

(Filed 6 October 1992)

**Master and Servant § 10.2 (NCI3d) — refusal of supervisor to punish union organizers — supervisor fired — claims preempted by NLRA**

Where plaintiff brought an action for wrongful discharge based on defendant's firing of him because he refused to punish union organizers, the trial court properly concluded that plaintiff's claims were preempted by federal law under the National Labor Relations Act, even though plaintiff was a supervisor and supervisors are not protected directly by the NLRA, since the NLRA does protect employees who are fired because of any unfair labor practice, and an employer's discharge of a supervisor for refusal to participate in the commission of an unfair labor practice is itself an unfair labor practice; furthermore, plaintiff failed to allege sufficient facts to establish independent claims under state tort law.

**Am Jur 2d, Labor and Labor Relations § 917.**

**Discipline of supervisor for failure to support unlawful conduct of employer as unfair labor practice prohibited by § 8(a)(1) of the National Labor Relations Act (29 USCS § 158(a)(1) ). 50 ALR Fed 866.**

APPEAL by plaintiff from order entered 11 April 1991 by *Judge Knox Jenkins* in LEE County Superior Court. Heard in the Court of Appeals 13 May 1992.

*Richard W. Rutherford for plaintiff appellant.*

*Edwards, Ballard, Bishop, Sturm, Clark and Keim, P.A., by Wade E. Ballard and Terry A. Clark; and Love & Wicker, P.A., by Dennis A. Wicker, for defendant appellee.*

COZORT, Judge.

Plaintiff-employee brought an action alleging the following claims against his employer: (1) wrongful discharge in violation of public policy; (2) wrongful discharge based on breach of implied covenant

of good faith and fair dealing; and (3) intentional infliction of emotional distress. The trial court granted defendant-employer's motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction due to federal preemption under the National Labor Relations Act and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted. We affirm.

Defendant GKN Automotive hired plaintiff Thurman Venable in June 1979 to work in defendant's Sanford automotive plant. Plaintiff subsequently became a supervisor of two departments within the plant and compiled a satisfactory work record over a nine-year period. In March of 1988, the United Auto Workers Union (UAW) began a Union campaign at GKN. During the Union campaign, plaintiff, as a supervisor, indicated to fellow supervisors that he would not mistreat or fire Union sympathizers. On 9 June 1988, plant manager Dave Forkner along with plaintiff's supervisor, Hulon Brown, called plaintiff into a meeting. Forkner and Brown made pointed inquiries as to plaintiff's loyalties concerning the Union campaign by asking plaintiff whether he was a member of the management "team," and whether he would support the company's efforts to ward off a Union threat. Following the 9 June meeting, plaintiff received his annual review from Mr. Brown. The evaluation was two weeks late and contained negative comments.

On 1 August 1988, company managers called all supervisors into a meeting. At this time, management was aware the Union campaign had failed. Mr. Forkner conducted the meeting and explained to the supervisors that he did not want to see nine named employees, who were suspected Union supporters, working in the plant by January 1989. The nine employees had been transferred previously into plaintiff's department and were his responsibility. When it became time for the nine employees to receive evaluations, Mr. Forkner ordered plaintiff to submit negative reviews for the Union supporters. Plaintiff refused to turn in adverse evaluations and gave all nine employees good ratings. After the evaluations were submitted to the personnel department, the records were changed to reflect negative performances. Mr. Forkner then directed plaintiff to explain to the nine employees that plaintiff had erred. Again, plaintiff refused.

On 21 January 1989, plaintiff was moved to the night shift for a ninety-day trial period. Defendant terminated plaintiff's employment on 17 April 1989. Plaintiff believed he was fired in retaliation

for his refusal to violate the rights of Union supporters by falsifying their evaluations or by firing them. Plaintiff thereupon brought an action against GKN on 30 July 1990. Defendant filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) and Rule 12(b)(6) on 20 August 1990. On 11 April 1991, the trial court granted defendant's motion to dismiss and made in part the following conclusions of law:

> 3. That the Complaint filed by plaintiff fails to state a claim upon which relief may be granted by the Court, and that all of the inter-related causes of action are preempted by Federal law under the National Labor Relations Act in Chapter 29 of the United States Code.

> 4. That the Court does not have jurisdiction of the subject matter, and that such subject matter is preempted by Federal law under the National Labor Relations Act pursuant to Chapter 29 of the United States Code.

Plaintiff asserts five assignments of error on appeal, the first three of which challenge the federal preemption of plaintiff's claim. The National Labor Relations Act (NLRA), codified in 29 U.S.C. § 150 *et seq.*, protects the rights of employees to engage in certain labor activities. The Act vests the National Labor Relations Board (NLRB) with exclusive jurisdiction over questions of Union representation and over unfair labor practices defined in the Act. 29 U.S.C. §§ 159-160 (1988). Thus, in some cases, the NLRB will have exclusive jurisdiction over claims which would otherwise appear appropriate for state jurisdiction. The United States Supreme Court explained the analysis used in determining whether state law claims are preempted by the NLRA in *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 3 L.Ed.2d 775 (1959). The analysis set forth in *Garmon* was reemphasized more recently in *International Longshoremen's Assoc. v. Davis*, 476 U.S. 380, 90 L.Ed.2d 389 (1986):

> "[D]ue regard for the federal enactment requires that state jurisdiction must yield," when the activities sought to be regulated by a State are clearly or may fairly be assumed to be within the purview of § 7 or § 8. The [Garmon] Court acknowledged that "[a]t times it has not been clear whether the particular activity regulated by the States was governed by § 7 or § 8 or was, perhaps, outside both these sections." Even in such ambiguous situations, however, the Court concluded that "courts are not primary tribunals to adjudicate

such issues. It is essential to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board." Thus the Court held that "[w]hen an activity is arguably subject to § 7 and § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted."

*Id.* at 389-90, 90 L.Ed.2d at 400 (citations omitted).

Plaintiff contends preemption should not be applied, first arguing that his claims should not be preempted because his rights as a supervisor are peripheral in nature to the NLRA. We recognize that supervisors are not protected directly by the NLRA, because under the Act

[t]he term "employee" shall include any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise, and shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment, *but shall not include . . . any individual employed as a supervisor . . . .*

29 U.S.C. § 152(3) (1988) (emphasis added). Nonetheless, it is clear that an employer's discharge of a supervisor for refusal to participate in the commission of an unfair labor practice is itself an unfair labor practice. *See generally, Kenrich Petrochemicals v. NLRB*, 907 F.2d 400, *cert. denied*, --- U.S. ---, 112 L.Ed.2d 522 (3rd Cir. 1990); *NLRB v. Talladega Cotton Factory*, 213 F.2d 209 (5th Cir. 1954); *Budget Marketing, Inc.*, 241 NLRB 1108 (1979).

Conduct by an employer which is considered to be an unfair labor practice is defined in 29 U.S.C. § 158(a) and provides in part:

(a) **Unfair labor practices by employer.** It shall be an unfair labor practice for an employer —

(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title;

* * * *

(3) by discrimination in regard to hire or tenure of employ-
ment or any term or condition of employment to encourage
or discourage membership in any Labor organization[.]

Section 7 of the NLRA outlines the rights of employees as
follows:

Employees shall have the right to self-organization, to form,
join, or assist labor organizations, to bargain collectively through
representatives of their own choosing, and to engage in other
concerted activities for the purpose of collective bargaining
or other mutual aid or protection, and shall also have the
right to refrain from any or all of such activities except to
the extent that such right may be affected by an agreement
requiring membership in a labor organization as a condition
of employment as authorized in section 158(a)(3) of this title.

29 U.S.C. § 157 (1988).

In *Budget Marketing, Inc.*, the NLRB found a violation of
the NLRA where an employer discharged a supervisor for failing
to discharge another employee under the pretext of poor perform-
ance. The NLRB concluded, "[the employer] violated Section 8(a)(1)
of the Act by discharging [the supervisor] because of his refusal
to engage in unfair labor practices — that is, his refusal to discharge
an employee . . . because of his Union activities." *Budget Marketing
Inc.*, 241 NLRB at 1112. Plaintiff argues that the state has subject
matter jurisdiction in the present case because the state has a
significant interest in discouraging unfair labor practices and because
the defendant's behavior was in violation of state public policy.
Although the state does have an interest in discouraging unfair
labor practices, it is clear in the case at bar that GKN's actions
constituted an unfair labor practice within the purview of Section
7 of the NLRA. The preemption analysis set forth in *Davis* is
therefore applicable here; the trial court did not err in finding
that it lacked jurisdiction over plaintiff's claims.

Plaintiff's final assignments of error are based on arguments
that the trial court failed to find defendant's action to be in violation
of state laws and public policy. Plaintiff's complaint included the
following allegations:

13. Plaintiff's firing was due to his refusal to violate the
rights of Union supporters under the National Labor Relations
Act by falsifying evaluations and by firing them.

14. Plaintiff's termination thus was in violation of the important statutorily codified public policy of this state and nation that Employees should not be fired or adversely treated for exercising protected rights under the National Labor Relations Act against and was made in bad faith and in violation of an implied covenant of good faith and fair dealing between plaintiff and GKN.

15. Plaintiff's termination has caused him great mental anguish and distress and has damaged him greatly in his relationships with his acquaintances and peers in the community, and has cost him the wages and benefits of his position.

Plaintiff's allegations are conclusory in nature and fail to allege facts sufficient to constitute a claim independent of the unfair labor practice claim. Thus, we hold that plaintiff's claims are based on allegations of unfair labor practices and are preempted by the NLRA. Furthermore, plaintiff has failed to allege sufficient facts to establish independent claims under state tort law. The trial court correctly dismissed the action under Rule 12(b)(1) and Rule 12(b)(6).

Affirmed.

Judges PARKER and GREENE concur.