David L. HINTON, Plaintiff/Appellant,

v.

SIGMA–ALDRICH CORPORATION, Defendant/Respondent.

No. ED 80938.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 29, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 14, 2003.

Lisa S. Van Amburg, Matthew J. Ghio, Van Amburg, Chackes Carlson & Spritzer, LLP, St. Louis, MO, for appellant.

Thomas O. McCarthy, Stephen B. Maule, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Plaintiff appeals from the judgment entered by the trial court granting his former employer's motion to dismiss his wrongful discharge action for lack of subject matter jurisdiction. Plaintiff argues that, as a supervisor, his claims are not preempted by the National Labor Relations Act and that he has no standing to bring an action before the National Labor Relations Board. We affirm.

Plaintiff, David L. Hinton, filed a lawsuit in the Circuit Court of the City of St. Louis, against defendant, Sigma–Aldrich Corporation, to recover damages for wrongful discharge in violation of the public policy exception to at-will employment. In his petition plaintiff alleged that he was a supervisor for defendant, charged with supervising maintenance department employees. He alleged that, in early 2001, certain maintenance employees were engaged in activities to bring in a labor union, which defendant opposed. He further alleged that management decided to create false and misleading disciplinary reports and employee evaluations for the employees who were attempting to obtain employee union representation, which was an unfair labor practice under Section 8(a)(1) and (3) of the National Labor Relations Act [NLRA], 29 U.S.C. Section 158(a)(1) and (3), and violated Article 1, Section 29 of the Missouri Constitution. He also alleged that he refused management's instructions to prepare these reports, and management terminated him without cause as a direct and proximate

result of his refusal, in violation of the Missouri public policy exception to at-will employment. He sought actual damages in the amounts of $500,000 for lost wages and benefits and $1,000,000 for emotional distress, and also requested punitive damages.

Defendant filed a motion to dismiss on the grounds that plaintiff's claims were within the scope of the NLRA and were preempted by the NLRA because those claims were subject to the exclusive jurisdiction of the National Labor Relations Board [NLRB]. The trial court granted the motion and dismissed the action without prejudice for lack of subject matter jurisdiction.

■ In his two points on appeal, plaintiff asserts that the trial court erred in granting the motion to dismiss because the NLRA does not require preemption of a supervisor's wrongful termination claim and therefore, because he is a supervisor, he does not have standing to file an unfair labor practice charge on his own behalf with the NLRB. Plaintiff's argument is premised on the fact that Section 8(a)(1) of the NLRA, 29 U.S.C. Section 158(a)(1), protects employees from unfair labor practices, but Section 2(3) of the NLRA, 29 U.S.C. Section 152(3), excludes supervisors from the definition of employee.

Plaintiff's argument ignores the large body of caselaw uniformly holding that the NLRA preempts a supervisor's wrongful discharge claim when the supervisor has been discharged for refusing to engage in unfair labor practices against employees and requiring supervisors to bring their claims for relief for such discharge to the NLRB. Moreover plaintiff's contention has been expressly refuted:

> The contention that the discharge of supervisors for refusal to violate the Act may be effected with impunity because of their supervisory status evinces un-

due preoccupation with the statutory definition, rather than with the underlying purpose and intent of the Act as a whole.

*National Labor Rel. Bd. v. Talladega Cotton Factory,* 213 F.2d 209, 217 (5th Cir. 1954).

■ It is undisputed that a supervisor is not directly entitled to the protection that the NLRA extends to employees. *Russell Stover Candies, Inc. v. N.L.R.B.,* 551 F.2d 204, 206 (8th Cir.1977). Congress excluded supervisors from the definition of "employee" in the NLRA so that an employer could not be deprived of the undivided loyalty of its supervisors. *Florida P. & L. Co. v. International Bro. Of Elec. Wkrs., L.,* 417 U.S. 790, 808–12, 94 S.Ct. 2737, 2746–49, 41 L.Ed.2d 477 (1974). Thus, a supervisor's own union activity is not protected by the NLRA. *Id; Beasley v. Food Fair of North Carolina, Inc.,* 416 U.S. 653, 654–55, 94 S.Ct. 2023, 2024, 40 L.Ed.2d 443 (1974).

■ However, an employer violates Section 8(a)(1) of the NLRA if the employer discharges a supervisor because he or she refused to engage in unfair labor practices. *Russell Stover,* 551 F.2d at 206, (citing *N.L.R.B. v. I.D. Lowe,* 406 F.2d 1033, 1034–35 (6th Cir.1969)). This is because such a discharge interferes with the nonsupervisory employees' protected rights. *Id.* (citing *N.L.R.B. v. Brookside Industries, Inc.,* 308 F.2d 224, 228 (4th Cir.1962)); *Talladega,* 213 F.2d at 217. The supervisor's basis for relief is that the supervisor's discharge had a tendency to interfere with, restrain, or coerce protected employees in the exercise of their rights under the NLRA. *Russell Stover,* 551 F.2d at 206–07. The NLRB has the discretion to remedy the effect of the unfair labor practice by restoring the status quo and directing the reinstatement of su-

pervisors with back pay. *Id; Talladega,* 213 F.2d at 217; *Automobile Salesmen's Union v. N.L.R.B.,* 711 F.2d 383, 386 (D.C.Cir.1983).

■ In order for the discharge to constitute a violation of Section 8(a)(1), the conduct in which the supervisor refused to engage must be an unfair labor practice. *Russell Stover,* 551 F.2d at 207. Violations of Section 8(a)(1) that give rise to a claim by the supervisor include retaliation against the supervisor where the supervisor (1) refuses to engage in an unfair labor practice, *Russell Stover,* 551 F.2d at 207; (2) testifies adversely to the employer at an NLRB proceeding or an employee grievance proceeding held under a collective bargaining agreement, *King Radio Corporation, Inc. v. N.L.R.B.,* 398 F.2d 14, 21–22 (10th Cir.1968); (3) is discharged as a pretext for terminating a pro-union crew hired by the supervisor. *N.L.R.B. v. Downslope Industries, Inc.,* 676 F.2d 1114, 1119–20 (6th Cir.1982). *See also Automobile Salesmen's Union,* 711 F.2d at 386. These three situations are not exclusive and a supervisor's claim for refusal to intimidate pro-union employees has also been recognized. *N.L.R.B. v. Advertisers Mfg. Co.,* 823 F.2d 1086, 1088 (7th Cir. 1987).

■ If the conduct is clearly protected by Section 7 of the NLRA, 29 U.S.C. Section 157, or the conduct is an unfair labor practice clearly prohibited by Section 8 of the NLRA, 29 U.S.C. Section 158, state court jurisdiction must yield to the NLRB. *San Diego Building Trades Council, Etc. v. Garmon,* 359 U.S. 236, 244, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959). In addition, if an activity is "arguably subject" to Sections 7 or 8 of the NLRA, the NLRB has exclusive jurisdiction to avert the dangers of state interference with national labor policies. *Id.* at 245, 79 S.Ct. at 780. The rationale for preemption is that the determination of whether an activity is an unfair labor practice should be left in the first instance to the NLRB. *Id.* at 244–45, 79 S.Ct. at 779. "What is outside the scope of this Court's authority cannot remain within a State's power and state jurisdiction too must yield to the exclusive primary competence of the Board." *Id.* In determining the "arguably prohibited" prong of *Garmon,* the critical inquiry is "whether the controversy presented to the state court is identical to ... or different from ... that which could have been, but was not, presented to the Labor Board." *Sears, Roebuck & Co. v. San Diego Cty., Etc.,* 436 U.S. 180, 197, 98 S.Ct. 1745, 1757–58, 56 L.Ed.2d 209 (1978).

■ Under these principles, supervisors' state law claims for wrongful discharge in violation of public policy are preempted by the NLRA when the conduct alleged is clearly or arguably subject to Sections 7 or 8 of the NLRA. When such claims are made in state or federal courts, those courts must defer to the NLRB and dismiss. *See Sitek v. Forest City Enterprises, Inc.,* 587 F.Supp. 1381 (E.D.Mich.1984) (dismissing supervisor's common law and public policy claims arising out of discharge for refusal to participate in union busting activities); *Kelecheva v. Multivision Cable T.V. Corp.,* 18 Cal. App.4th 521, 22 Cal.Rptr.2d 453 (1993) (affirming dismissal of supervisor's claim for wrongful termination in violation of public policy for refusal to spy on and write up union organizing employees); *Ruscigno v. American Nat. Can Co. Inc.,* 84 Cal. App.4th 112, 100 Cal.Rptr.2d 585 (2000) (affirming demurrer to supervisor's complaint for wrongful termination in violation of public policy and other claims for testifying adversely to the employer during an employee grievance procedure); *Chavez v. Copper State Rubber of Arizona, Inc.,* 182 Ariz. 423, 897 P.2d 725 (Ct.App.1995) (af-

firming grant of partial summary judgment and concluding, as a matter of law, that the NLRB preempted state court jurisdiction where supervisor alleged wrongful discharge for refusal to discriminate against union members); *Venable v. GKN Automotive,* 107 N.C.App. 579, 421 S.E.2d 378 (1992) (affirming dismissal of supervisor's claim of wrongful discharge for refusal to falsify evaluations or fire union supporters under plaintiff's supervision).

■ Plaintiff argues that Congress's failure to amend the NLRA to reflect the caselaw indicates a legislative intent that the cases not be followed. Plaintiff does not cite any authority to support this approach to statutory construction. Contrary to plaintiff's position, there is a strong presumption that judicial construction of a statute has continued validity:

> "the burden borne by the party advocating abandonment of an established precedent is greater where the Court is asked to overrule a point of statutory construction. Considerations of *stare decisis* have special force in the area of statutory interpretation, for here, unlike in the context of constitutional interpretation, the legislative power is implicated, and Congress remains free to alter what we have done."

*Chicago Truck Drivers Union Pension v. Steinberg,* 32 F.3d 269, 272 (7th Cir.1994) (quoting *Patterson v. McLean Credit Union,* 491 U.S. 164, 172, 109 S.Ct. 2363, 2370, 105 L.Ed.2d 132 (1989)). As set out above, caselaw has established that supervisors who are wrongfully discharged for refusal to engage in unfair labor practices in violation of Section 8 of the NLRA must bring their claims before the NLRB and may obtain relief from the NLRB in the form of reinstatement and back wages.

In this case plaintiff alleges he was discharged for refusing to prepare false evaluations and disciplinary reports against union-organizing employees. This is arguably, if not clearly, an unfair labor practice prohibited by Section 8(a)(1), over which the NLRB has exclusive jurisdiction. Accordingly, plaintiff's claim is preempted by the NLRA and he must bring his claim for relief for wrongful discharge before the NLRB. Points one and two are denied.

The judgment of the trial court is affirmed.

PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR., J., concur.